UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LINDA DU, an Individual, | Case No.: 8:17-02035 ADS |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| Commissioner of Social Security Administration, | |
| Defendant. | |

I. **INTRODUCTION**

Plaintiff Linda Du ("Plaintiff") challenges the Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period[1] of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

---

[1] Only the period of November 6, 2010 to March 31, 2016 is relevant here. In a subsequent application for DIB not at issue here, Plaintiff was found disabled beginning on April 1, 2016. (AR 577, 664).

-1-

## II. PROCEEDINGS BELOW

Plaintiff filed an application for DIB on October 2, 2012 and for supplemental security income ("SSI") on October 10, 2012, alleging disability beginning November 6, 2010 in both applications. (Administrative Record ("AR") 231-238, 239-248). Plaintiff's application was denied initially on March 22, 2013 (AR 174-79), and upon reconsideration on August 22, 2013 (AR 182-88). A hearing was held before Administrative Law Judge Sharilyn Hopson ("ALJ") on February 13, 2014. (AR 196-201, 225-26). On May 19, 2014, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act[2], since November 6, 2010. (AR 11-30). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on January 7, 2016. (AR 1-6).

Plaintiff then filed an action in District Court on January 26, 2016, challenging the ALJ's decision. (AR 640-42). On September 9, 2016, the Court reversed and remanded the matter for further administrative proceedings.[3] (AR 653-61).

Another hearing was held before the same ALJ on August 16, 2017. (AR 598-613). On September 19, 2017, the ALJ again found that Plaintiff had not been under a disability, pursuant to the Social Security Act, from November 6, 2010 to March 31, 2016. (AR 574-97). Plaintiff filed this action on November 21, 2017. [Docket ("Dkt.") No. 1].

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[3] The case was remanded based on the ALJ's failure to properly consider the opinion of a consultative examiner, Dr. Ehsan Ali. The issue in the September 9, 2016 remand is not relevant to the issue addressed in this Memorandum Opinion and Order of Remand.

In the ALJ's decision of September 19, 2017 (AR 574-97), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 404.1520(a)(4). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since November 6, 2010, the alleged onset date. (AR 580). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) trigger fingers (one on one hand, two on the other hand); (b) peripheral neuropathy (PN); (c) plantar fasciitis; (d) foot spurs; (e) cervical spine abnormalities (x-ray dated February 2013); and (f) lumbar spine impairment. (AR 580). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.9256)." (AR 582).

The ALJ then found that Plaintiff had the following Residual Functional Capacity[5] ("RFC"):

> [P]erform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, she can lift/carry 20 pounds occasionally and 10 pounds frequently; stand, walk or sit six

---

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

[5] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(1)(1).

-3-

> hours in an eight-hour workday; occasionally climb stairs, no ladders, ropes or scaffolds; occasionally stoop, kneel, crouch and crawl; occasional exposure to extreme heat and cold; no work at unprotected heights; no work with dangerous machinery; frequent gross and fine manipulation; and no forceful gripping, grasping and twisting such as opening a pickle jar for the first time.

(AR 583-84).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as an electronic assembler. (AR 589) The ALJ noted, "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity...". The ALJ did not proceed to **step five**. (AR 589-90). Accordingly, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 6, 2010 through March 31, 2016. (AR 590).

### III. **STANDARD OF REVIEW**

Under 42 U.S.C. §405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and

1  conflicting clinical evidence, stating his interpretation thereof, and making findings."

2  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

3  "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific
4  quantum of supporting evidence. Rather, a court must consider the record as a whole,
5  weighing both evidence that supports and evidence that detracts from the Secretary's
6  conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and
7  internal quotation marks omitted). "'Where evidence is susceptible to more than one
8  rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc.
9  Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679
10 (9th Cir. 2005)); see Robbins, 466 F.3d at 882 ("If the evidence can support either
11 affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that
12 of the ALJ."). The Court may review only "the reasons provided by the ALJ in the
13 disability determination and may not affirm the ALJ on a ground upon which he did not
14 rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340
15 F.3d 871, 874 (9th Cir. 2003)).

### IV. DISCUSSION

Plaintiff raises the following issues for review: (1) whether the ALJ properly considered that Dr. Anh Tat Hoang, a consultative examiner, found in a report dated April 14, 2016, that Plaintiff had almost complete loss of the use of her left hand; (2) whether the ALJ failed to properly consider the opinion of the consultative examiner, Dr. Ali, who opined that Plaintiff could only walk or stand in twenty minute intervals; (3) whether the ALJ failed to properly consider Dr. Dang's opinion that Plaintiff could only lift and carry ten pounds, and she was limited to standing and

walking thirty minutes at a time; (4) whether the ALJ properly considered Plaintiff's credibility; (5) whether the ALJ improperly appears to rely, at least in part, on the testimony of the medical expert when forming her residual function capacity; and (6) whether the ALJ properly considered Dr. Dinh Nguyen's treating doctor opinion concerning Plaintiff's limitations. [Dkt. No. 18, Joint Stipulation ("JS") 1-2]. For the reasons below, the Court agrees with Plaintiff regarding the ALJ's failure to consider or address Dr. Hoang's April 2016 report in the ALJ's written decision, and remands on that ground.

### A. The ALJ Failed to Properly Consider the Report of Dr. Hoang

The ALJ failed to properly consider the report of Dr. Anh Hoang. In a report dated April 14, 2016, Dr. Hoang found that Plaintiff's left hand function was "significantly impaired" and that she had "almost complete loss" of manipulative function ("Hoang Report"). (AR 946 and 947). The Hoang Report states that there was "tenosynovitis of the fingers" and that Plaintiff "was unable to make a full fist" on the left hand. (AR 944). Dr. Hoang diagnosed Plaintiff as having tenosynovitis of the left hand and anesthesia of the fingers. (AR 946). Though imprecise, the Hoang Report, dated just two weeks after the period at issue, states that Plaintiff "started experiencing pain since 2014."[6] (AR 942.)

The findings of Dr. Hoang's report were part of the testimony at the August 16, 2017 hearing and the report itself was included in the "List of Exhibits" (Component No.

---

[6] Dr. Hoang's report lists four specific chief complaints of Plaintiff: 1) neck pain; 2) back pain; 3) bilateral shoulder, left elbow and left wrist/hand pain; and 4) right hip and left ankle pain. (AR 942). The report then goes on to state that Plaintiff "started experiencing pain since 2014" without any further information as to whether this purported onset date applied to all four chief complaints or only individual ones. Id.

HO B27F) from the hearing. (AR 591-97.) Indeed, Plaintiff's counsel questioned the vocational expert ("VE") about the effect the complete loss of the use of the left hand had on the RFC. (AR 605). The VE testified that, with this condition, Plaintiff would then not be able to perform past relevant work and would have no transferable skills. Id. Moreover, Plaintiff's counsel's closing statement specifically referenced the most recent consultative examination finding -- that Plaintiff had significant limitations in her upper left extremity. (AR 611). As such, the Hoang Report contains findings that are directly contrary to portions of the RFC, and the VE testified that the identified left hand condition would render the Plaintiff not able to perform past relevant work and would have no transferable skills.

Despite the potential impact of the Hoang Report, the ALJ's decision of September 19, 2017 ignores it completely. There is not a single reference to the report or to the findings of the report in the ALJ's decision. In setting forth her basis for assessing the stated RFC, the ALJ's decision reviews and considers what appears to be every medical report and opinion included as an exhibit or testimony, other than Dr. Hoang's report. (AR 584-589). As such, this Court has no basis for determining that the Hoang Report was considered by the ALJ at all.

Defendant contends that the ALJ did not have to discuss Dr. Hoang's report as it is neither significant nor probative pursuant to Howard v. Barnhart, 341 F.3d 1006 (9th Cir. 2003). In Howard, the Ninth Circuit upheld the District Court's ruling that the ALJ was not required to consider a report that was neither significant nor probative where the ALJ decision was supported by substantial evidence. Id. at 1012. Howard, however, is distinguishable from the case here.

Defendant argues that Hoang Report is neither significant nor probative because it is dated after the "relevant period" and not intended to be retrospective. Defendant contends the report is thus not probative of Plaintiff's limitations during the relevant period. The Hoang Report is dated April 14, 2016, which is only *two weeks* after the close of the "relevant period", and discusses the Plaintiff's pain back to 2014. The ALJ is without question permitted to review and consider medical reports made after the period of alleged disability if they reasonably relate to the applicable period. See Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability . . . It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis."). In holding that medical evaluations made after the expiration of claimant's insured status are relevant to an evaluation of the pre-expiration condition, the Ninth Circuit in Smith cited to numerous examples of decisions holding the same from the Eighth, Eleventh, Fourth, Second and Seventh Circuits, many of which allowed reports from up to several years after the expiration date to be considered. 849 F.2d at 1225.

There is nothing in the report to indicate that this condition came on suddenly – particularly within the prior two weeks. As stated by Defendant, "Dr. Hoang's left hand finding was apparently supported by the fact that on examination she found Plaintiff had tenosynovitis of the fingers and was unable to make a full fist with the fingertips of the index, middle, ring and little fingers missing the mid palmar crease from one to three inches." [Dkt. No. 18, JS 7]. As noted above, the only onset indication in the

report is the vague notation that Plaintiff had started experiencing pain in 2014.[7] (AR 942). Here, there is no basis to determine that the ALJ found the report not probative to the relevant period because the ALJ failed to discuss the Hoang Report at all.

Defendant next contends that Dr. Hoang's report is neither significant nor probative because it is almost entirely consistent with the ALJ's RFC findings. This is simply untrue. Dr. Hoang found that Plaintiff had almost complete loss of the use of her left hand. The ALJ's RFC included no such finding but rather seems to rely on some amount of movement and manipulation.

Defendant's final contention is that the one respect where Dr. Hoang's report was not consistent with the ALJ's RFC findings – the loss of use of the left hand – is a "total outlier" and should have been disregarded by the ALJ. [Dkt. 19, JS 6.] In support of this argument, Defendant cites to numerous medical reports from 2013 and 2014, arguing that none of these reports made a finding of tenosynovitis or loss of function of the left hand. Even if Defendant is correct as to the findings of the earlier medical reports, that does not automatically render Dr. Hoang's finding to be neither significant nor probative. To begin, it is an analysis to be undertaken by the ALJ. This Court cannot review findings not articulated by the ALJ. See Pinto v. Massanari, 249 F.3d

---

[7] Plaintiff contends that the ALJ should have called a medical expert to testify how far back in time the limitations would have been applicable. [Dkt. 18, JS 9]. While it is permissible for the ALJ to call a medical expert or advisor as to a disability onset date, such is not required and, here, on remand, the ALJ should begin by considering and reviewing Dr. Hoang's report as to credibility and impact on her analysis and finding. See Wellington v. Berryhill, 878 F.3d 867, 874-75 (9th Cir. 2017) (holding that under ordinary circumstances, an ALJ is equipped to determine a claimant's disability onset date without calling on a medical advisor, but when found necessary, the ALJ should call such an advisor).

1  840, 847-48 (9th Cir. 2001) (review is limited to the reasons articulated by the ALJ in

2  the decision, not post hoc assertions); Bray v. Comm'r, 554 F.3d 1219, 1226 (9th Cir.

3  2009) ("Long standing principles of administrative law require us to review the ALJ's

4  decision based on the reasoning and factual findings offered by the ALJ – not post hoc

5  rationalizations that attempt to intuit what the adjudicator may have been thinking.").

6  Second, it is also important to note that Dr. Hoang's finding could be relevant to the

7  period of time unrelated to the earlier medical reports, but still part of the "relevant

8  period" at issue. Again, this is a consideration for the ALJ on remand.

9  Defendant's final argument is that, even if it was error for the ALJ to have failed

10  to address the Hoang Report, the error should be found to be harmless. If the ALJ were

11  to review and find credible the findings of Dr. Hoang, the loss of use of function in

12  Plaintiff's left hand could very well be outcome determinative on the issue of disability

13  based on the testimony of the VE and the applicable Grid rules, including the age of

14  Plaintiff. Accordingly, the ALJ should have considered the Hoang Report, or explained

15  why she was not crediting this opinion in her decision. See Garrison v. Colvin, 759 F.3d

16  995, 1012-13 (9th Cir. 2014). The Ninth Circuit, in Garrison, recognized that "[w]here

17  an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate

18  reasons for crediting one medical opinion over another… an ALJ errs when he rejects a

19  medical opinion or assigns it little weight while doing nothing more than ignoring it…."

20  Id., (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)). In light of the fact

21  that the Hoang Report directly relates to the ALJ's step four analysis but was not

22  considered, the Court finds the ALJ erred.

### B. The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); see also Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.")

### C. Remand For Further Administrative Proceedings

Remand for further administrative proceedings, rather than an award of benefits, is warranted here because further administrative review could remedy the ALJ's errors. See Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). The Court finds that the ALJ failed to properly consider or address the opinion of Dr. Hoang in her decision. On remand, the ALJ shall review, evaluate and address Dr. Hoang's report and findings in her decision. The ALJ shall then, if necessary based on the incorporation of Dr. Hoang's report, reassess Plaintiff's RFC and proceed through step four and five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. ORDER

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings

/ / /

consistent with this Order.

      LET JUDGMENT BE ENTERED ACCORDINGLY.


DATE: September 28, 2018

                                /s/ Autumn D. Spaeth
                    THE HONORABLE AUTUMN D. SPAETH
                    United States Magistrate Judge